## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**PHILLIP DWAYNE JACKSON,**
           **Plaintiff,**

**v.**                                                    **Case No: 3:09cv218/MCR/MD**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
           **Defendant.**

_____

### REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for attorney fees and costs under the Equal Access to Justice Act (EAJA)(doc. 26). The plaintiff seeks an award of fees in the amount of $7,337.85. Defendant has responded to the petition and argues that he has no objection to the requested hourly rate but feels that the time spent - 42.6 hours - was excessive (doc. 28). Plaintiff has replied with leave of court (doc. 30).

The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(I)(A), (B).

In *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 124 L.Ed.2d 239 (1993) the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA.  Here, the court reversed the decision of the Commissioner under sentence four.  The application was filed timely, and the Commissioner's position was not substantially justified.  Defendant does not disagree that fees should be paid in this case.  Accordingly, plaintiff[1] is clearly entitled to fees.[2]

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

> . . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

The plaintiff's attorney seeks compensation for 42.6 hours spent representing plaintiff in court-related proceedings and in obtaining an award of fees from the court.  He seeks compensation at the rate of $172.25 per hour.  Defendant does not

---

[1]  In *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008), *petition for cert. filed*, Case No. 08-5605 (Aug. 1, 2008), the court clarified that an EAJA award, such as the award in the instant case, shall be awarded to the "prevailing party," not to the prevailing party's attorney.  Although *Reeves* did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, the undersigned follows the common practice of other courts in our district and circuit by recommending payment to counsel when an assignment of benefits has been included with counsel's petition.  *See, e.g., Turner v. Astrue*, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); *Buffin v. Astrue*, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (same).

[2]  Plaintiff's counsel has not listed any expenses.  Plaintiff was allowed to bring this action *in forma pauperis*.

contest the reasonableness of the hourly rate, and the undersigned finds that $172.25 per hour is reasonable, as has been found in numerous recent cases.

The Commissioner contests the amount of time spent, and points to previous cases from this court in which fees were approved in the range of $2,500 to $5,200. Plaintiff's counsel protests that the Commissioner seeks to impose a flat rate for social security cases and argues that the EAJA does not provide for a flat rate. It is true that the statute does not contemplate a flat fee. However, court must consider the reasonableness of the time spent under the lodestar method, applicable to EAJA cases. *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 161, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990) (directing the use of the lodestar method in EAJA cases).

Over the past fourteen years the undersigned has recommended the award of fees in social security cases many times, and the issue of the reasonableness of time claimed has come up from time to time. The undersigned has therefore kept track of time typically spent by plaintiff's counsel in social security appeals. The usual time spent handling these cases, beginning to end, is twenty-five to thirty hours. The court has recommended reductions in billed hours when they exceeded those parameters,[3] and has recommended larger amounts in unusual cases.[4] Counsel's time keeping in this case is not questioned, nor is his good faith being challenged by his asking for the entire 42.6 hours. However, if most lawyers can handle a rather straightforward social security appeal such as this one in twenty-five to thirty hours, logic dictates that twenty-five to thirty hours is reasonable, all other things being equal. This is not one of the unusual cases noted above. On reviewing counsel's time records it appears that between October 11, 2009 and October 26,

---

[3]*See, e.g., Daniels v. Apfel*, 5:97cv315 (50.8 hours cut to 30.8); *Riser v. Apfel*, 5:97cv20 (46.4 hours cut to 32.8).

[4]*See, e.g., Stansbury v. Apfel*, 5:96cv419 (approving 53.2 hours); *Burks v. Apfel,* 5:98cv176 (approving 44 hours); *Fianciane v. Barnhart*, 5:02cv26 (approving 38.1 hours).

2009 counsel spent 29.9 hours in writing the brief, with some reading of cases. The remainder of the time claimed is primarily for review of the transcript and research. A more reasonable time spent in brief writing in cases of this nature is twenty hours. The undersigned therefore finds that the time reasonably spent in handling this case is 32.7 hours (42.6 - 9.9 hour reduction in briefing time). Therefore, using the uncontested hourly rate of $172.25, plaintiff is entitled to fees in the amount of $5,632.58.

Finally, under the authority of *Reeves v. Astrue, supra*, the fees must be paid to the plaintiff.

It is therefore respectfully RECOMMENDED:

The plaintiff's application for attorney fees and costs (doc. 26) be granted as follows:

1.    The plaintiff, Philip Dwayne Jackson, is entitled to recover a reasonable fee for the handling of his case in the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA);

2.    A reasonable fee for this case under the EAJA is $5,632.58; and

3.    The Commissioner shall pay plaintiff $5,632.58 in care of his attorney.

At Pensacola, Florida this 11th day of May, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:09cv218.MCR/MD*

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).